UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PLANET FITNESS ENTERPRISES, INC.,
YOU FIT, INC., and YOU FIT-ONE, INC.,

    Plaintiffs,

v.    CASE NO: 8:08-cv-2305-T-26TGW

PFIP, LLC and
PLA-FIT FRANCHISE, LLC,

    Defendants.
_____/

## O R D E R

    The Court has for its consideration Defendants' motion to dismiss and alternative motions to transfer or stay. Although Plaintiffs have yet to respond, the Court, in the interest of judicial economy, is of the opinion that the motion is due to be denied without prejudice at this juncture of the proceedings.

    Plaintiffs have filed a complaint against Defendants pursuant to 28 U.S.C. § 2201 with regard to allegations of trademark and copyright infringement asserted by Defendants. Plaintiffs also allege Defendants have breached a settlement and licensing agreement. Defendants in response have filed a motion to dismiss this action on the basis that it is duplicative of an action filed by Defendants against Plaintiffs several months prior to the institution of this action in the United States District Court for the District of New Hampshire. As alternative relief, Defendants seek either a stay of this case or its transfer to the federal court in New Hampshire. Defendants' claims for relief are rooted in the "first-filed" rule. See, e.g., Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 407 (5th Cir. 1971) (holding that "[i]n the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case.") (footnote and citations omitted).

    Defendants claim that the federal court in New Hampshire presently has under submission Plaintiffs' motion to dismiss that action for lack of personal jurisdiction and that a

decision is expected within the next two months. As Defendants correctly acknowledge, if the New Hampshire federal court grants that motion, this Court will become the judicial focal point for litigating the parties' respective claims against each other. Given that circumstance, and in light of the fact that the parties' case management report is not due until the first part of February of 2009, see Local Rule 3.05(c)(2)(B), the Court is inclined to deny Defendants' motions without prejudice to being renewed after the New Hampshire federal court issues a ruling on Plaintiffs' motion to dismiss in that case.

In the event no ruling has been forthcoming on that motion by the time the case management report is due, the parties shall advise the Court, and the Court will schedule an immediate status conference to further address the issues raised in Defendants' motion. In the meantime, the parties are directed to confer *personally* in a good faith effort to reach a consensus with regard to the issues of transfer and a stay, especially in light of the opinion in Mann Manufacturing, Inc., which appears to present a fact pattern analogous to this case.

Accordingly, for the reasons expressed, it is ordered and adjudged that Defendants' Motion to Dismiss or, in the Alternative, to Transfer or Stay Plaintiffs' Declaratory Judgment (Dkt. 9) is denied without prejudice. In the event Defendants are required to refile the motion, all they need do is to file a perfunctory pleading renewing the motion.

**DONE AND ORDERED** at Tampa, Florida, on December 17, 2008.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record